# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) Zurich American Insurance Company )
As subrogee of Propak Systems, Ltd. )
                                                ) Case No. 24-cv-00584-CDL
                               Plaintiff, )
                                                )
v. )
                                                )
(1) Security Specialized Transportation LLC )
                                                )
                             Defendants. )
                                                )

## COMPLAINT

Plaintiff, for its Complaint, alleges as follows:

## JURISDICTION AND VENUE

1. This court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, by reason of the fact that this is a civil action wherein the amount in controversy exceeds Seventy-Five Thousand and No/100th Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

2. This court also has jurisdiction pursuant to 28 U.S.C. § 1337 in that district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

3. Venue is proper in the Northern District of Oklahoma under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the district.

4. This court has personal jurisdiction over this dispute because the involved shipment originated in Oklahoma and Defendant resides in Oklahoma.

INTERNAL USE ONLY

## PARTIES

5. Plaintiff Zurich American Insurance Company ("ZAIC") is a corporation organized under the laws of New York, engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and is authorized to transact business and has transacted business in Oklahoma, subscribing to a certain policy of insurance, provides for coverage for transit-related damage or loss arising from the carriage of goods throughout the United States, and is subrogated to the rights and responsibilities of its subrogor, Propak Systems Ltd., by virtue of its payment of $112,857.00, plus other costs and expenses, under Claim Number 5630097445 and the involved insurance policy.

6. Plaintiff's subrogor, Propak Systems Ltd., is a corporation organized under the laws of Alberta, Canada and is in the business of providing comprehensive solutions, including designing, and building energy processing facilities and equipment.

7. Defendant Security Specialized Transportation LLC ("SST") is a corporation or other business entity organized under the laws of Oklahoma with a principal place of business located at 3529 W 151st Street, Kiefer, Oklahoma 74041.

## STATEMENT OF FACTS

8. In or around June 2022, plaintiff's subrogor purchased a cooler from a company called Chart, Inc. for $135,870.00. Plaintiff's subrogor wished to arrange for the transportation and installation of the cooler as part of an energy processing project in North Dakota ("the Project").

9. On June 13, 2022, Propak initially contacted a representative of Traffic Tech Inc. ("TTI") in Alberta, Canada and requested a quote to transport the cooler from Chart's facility in Keifer, Oklahoma to the Project in Watford City, North Dakota. Propak provide TTI with the value,

2

INTERNAL USE ONLY

estimated dimensions and estimated weight of the cooler, and specifically advised TTI that it would require insurance for this movement.

10. On June 20, 2022, Propak entered into a contract with TTI in which TTI would transport the cooler from Keifer, Oklahoma to Watford City, North Dakota for USD $9,925.00, plus an additional $195.00 for insurance.

11. TTI then hired SST and sub-contracted the carriage of the cooler from Chart's facility in Kiefer, Oklahoma to the Project in Watford City, North Dakota.

12. It was an express or implied term of the contract between TTI and SST that SST would perform its duties and obligations to protect the cooler with reasonable skill and care while in the exclusive care, custody and control of SST.

13. It was also an express or implied term of the contract between TTI and SST that SST was responsible for ensuring that the cooler was not lost or damaged during transit, and that if there was a loss or damage, SST would assume responsibility for all costs and expenses arising from said loss or damage.

14. On or about June 21, 2022, SST picked up the cooler at the Chart facility in Keifer, Oklahoma, and that no damages were noted by the driver at time of pick up and no exceptions as to the cooler's condition were taken at time of pick up.

15. On or about June 22, 2022, while carrying the cooler, the trucker drove over a railroad track, which caught the bottom of the trailer, causing significant damage to both the trailer and the cooler.

16. On June 22, 2022, TTI advised Propak about this accident and corresponding damage to the cooler. TTI represented to Propak that it would assist with remedying the damage arising from this accident and advised that it had initiated an insurance claims process, sent Propak and

3

INTERNAL USE ONLY

insurance claim form and requested Propak return the claim form to TTI once damages had been assessed.

17. In July 2022, TTI invoiced Propak for USD 9,420.00, itemized at USD 9,225.00 base rate, plus USD 195.00 insurance, and Propak paid TTI USD 9,9420.00 for the services provided by TTI.

18. Following the accident, Propak was required to repair the cooler in order to comply with its agreement with the owner of the Project. Accordingly, Propak instructed TTI to return the cooler to Chart in Keifer, Oklahoma for repairs.

19. On July 22, 2022, Chart provided an estimate of USD 112,857.00 to repair the cooler.

20. On July 27, 2022, Propak sent a completed insurance claim form, along with a copy of the Chart estimate, to TTI. TTI expressly advised Propak to proceed with repairs.

21. After TTI expressly advised Propak to proceed with repairs, Propak paid USD 112,857.00 to repair the cooler, and sent Chart's invoice for the repair costs to TTI.

22. Propak has filed a claim with ZAIC which was paid in the full amount of USD 112,857.00.

23. ZAIC now stands in the shoes of Propak and seeks recover all damages arising from the accident.

24. ZAIC pursued TTI for the recovery of its damages and settled with TTI for USD 50,000.00. TTI settled with ZAIC with the understanding that TTI's interest in this shipment would be assigned to ZAIC who in turn would continue to pursue SST for the full amount of the claim, and that any proceeds recovered from SST would be split between ZAIC and TTI on a pro-rata basis.

25. By reason of these premises, ZAIC has sustained damages as nearly as can now be estimated, no part of which has been paid, in the amount of one hundred fifty thousand dollars ($150,000.00), plus interest, costs and expenses from June 22, 2022.

INTERNAL USE ONLY

## CLAIMS FOR RELIEF

### COUNT I—BREACH OF CONTRACT OF COMMON CARRIAGE

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" of this complaint as if more fully set forth herein.

27. Defendant was a common carrier for hire as that term is defined under Carmack Amendment or federal common law.

28. Defendant was responsible for ensuring that a bill of lading was issued for the subject shipment.

29. Pursuant to said bill(s) of lading, Defendant agreed to provide certain services for the interstate handling, storage and carriage of various cargoes in exchange for a sum certain.

30. Defendant received the shipment in good condition, failed to provide the requested services as promised in breach of the bill(s) of lading, and their failure to provide said services was the proximate cause of the loss, damage and deterioration of the shipment, entrusted to their exclusive care, custody and control, resulted in the shipment becoming so damaged, that the shipment had to be destroyed.

31. Defendant acted in such a manner as to breach its obligations as a common carrier.

32. By reason of defendant's breach of common carriage, Plaintiff has been damaged in the amount of one hundred fifty thousand dollars ($150,000.00), plus interest and costs from June 22, 2022.

### COUNT II—BREACH OF CONTRACT

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" of this complaint as if more fully set forth herein.

34. Defendant was a trucker or inland carrier or bailee for hire who entered into a contract to provide certain transportation services to ZAIC and its subrogor.

35. ZAIC and TTI met all of their respective obligations owed under the contract with SST,

INTERNAL USE ONLY

including the timely making of claims and provision of all required information to support his claims.

36. SST has failed to honor its obligations under the relevant contract, including providing insurance coverage. Upon information and belief, SST has acknowledged that coverage exists, but never sought to arrange for a proper evaluation of Plaintiff's claim and has failed to fully reimburse the amounts owed under the claim.

37. Defendant breached its obligations as a trucker or inland carrier or bailee for hire.

38. Defendant acted in such a manner as to breach its obligations as under the contract.

39. By reason of defendant's breach of contract, Plaintiff has been damaged in the amount of one hundred fifty thousand dollars ($150,000.00), plus interest and costs from June 22, 2022.

## COUNT III---VIOLATION UNDER 49 U.S.C. § 14704

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "39" of this complaint as if more fully set forth herein.

41. 49 U.S.C. § 14704(a)(2) states as follows:

> A carrier or broker providing transportation or service subject to jurisdiction under chapter 135 is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of this part.

42. The loss and/or damage of the shipment was proximately caused by the acts or omissions of Defendant, in total disregard of its obligations under 49 U.S.C. § 147, and generally acting in a manner so as to totally disregard their respective duties and obligations to keep and provide for the proper safety of the shipment.

43. As a result of the acts or omissions of Defendant, Plaintiff has sustained damage in the amount of one hundred fifty thousand dollars ($150,000.00), plus interest and costs from June 22, 2022, plus attorney fees.

INTERNAL USE ONLY

**WHEREFORE**, Plaintiff ZURICH AMERICAN INSURANCE COMPANY as subrogee of Propak Systems Ltd. respectfully requests that the Court enter Judgment in its favor and against Defendant on all claims as follows:

a. That process in due form of law according to the practice of this Court may issue against this defendant.

b. That if defendant cannot be found within the district that all of their property within this district be attached in the sum set forth in this complaint, together with interest and costs.

c. That a judgment be entered in favor of plaintiff, on each count, for the amounts stated in this complaint, together with interest and costs.

d. That in the event there is an arbitration clause which governs this dispute, the complaint be deemed a demand for arbitration in accordance with the terms and conditions of that arbitration clause.

e. Plaintiff further requests such other and further relief as to this Court may seem just and proper.

Dated: December 3, 2024

        Law Office of William Archibald
        Attorneys for Plaintiff
        **ZURICH AMERICAN INSURANCE COMPANY** as subrogee of Propak Systems Ltd.

By: _/s/ William Archibald_
     William Archibald (Bar Number 314)
     4 NE 10th Street, #504
     Oklahoma City, OK 73104
     Tel.: (405) 231-2682
     File: 448003.00027
     ZAIC #: 5630097445

INTERNAL USE ONLY